IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYASON JAMES ASMUNDSEN,

                            Plaintiff,

                   v.                                                      OPINION and ORDER

JEVIN BUDZYNSKI, *et al.*,                                                 25-cv-148-jdp

                            Defendants.

---

Plaintiff Tyason James Asmundsen, representing himself, is proceeding on claims that defendants used excessive force against him and failed to intervene to stop the use of force while he was detained at Lincoln County Jail.  In this order, the court will explain why it is denying plaintiff's motion to appoint counsel, Dkt. 25, and his motion to help him obtain copies of the jail grievance he filed about the incident underlying this case, Dkt. 24.

ANALYSIS

**A.  Plaintiff's motion for appointment of counsel, Dkt. 25**

Plaintiff requests appointment of counsel.  He states that he is indigent, has no legal training, has neither access to the resources he needs nor the time "to learn the law or properly research the materials needed," and has been unable to hire an attorney on his own.  Dkt. 25 at 1.  In support, plaintiff lists the law offices he says have declined to represent him.

The motion is DENIED without prejudice.  Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters.  Rather, the court can only help recruit counsel

who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because plaintiff is proceeding without prepaying the filing fee, Dkt. 3, he has met this requirement.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Typically, this court requires evidence, such as letters from attorneys or law firms, that a plaintiff has been trying to find an attorney. For purposes of this motion, the court accepts at face value plaintiff's list of law firms he says have declined to represent him.

But third, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. Federal civil litigation is generally challenging for most self-represented, indigent parties, and their limited knowledge of the law is a common predicament. So are the challenges facing incarcerated litigants, such as limited access to resources. But the court receives hundreds of new lawsuits every year from unrepresented plaintiffs, and there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the

2

beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's motion must be denied because it is too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Discovery has begun, so there are legal tasks for plaintiff to complete in the form of drafting and responding to discovery requests. But plaintiff does not explain with any specificity what tasks he is unable to complete without help and why in light of the guidance he has already received from the court, including the preliminary pretrial order and packet. *See* Dkt. 21. Based on plaintiff's participation in the preliminary pretrial conference and his submissions to date, the court has no reason to believe that his ability to complete the legal tasks at hand falls below that of the hundreds of incarcerated plaintiffs who litigate cases, including excessive force cases like this one, on their own in this court every year.

The court will deny plaintiff's motion without prejudice, which means that he can renew his motion later in this case if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion, he will need to provide proof of his efforts to find a lawyer on his own and explain what specific litigation tasks he is unable to accomplish and why.

## B. Plaintiff's motion regarding his jail grievance, Dkt. 24.

Plaintiff also asks the court "to intervene" with defendants and compel them to give him a copy the jail grievance he filed about the underlying incident so that he can prove he tried to exhaust his administrative remedies. Dkt. 24 at 1. Under the Prison Litigation Reform Act, an incarcerated person must exhaust administrative remedies before filing suit even where

the relief sought "cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

The motion is DENIED. As explained in the court's preliminary pretrial conference order, plaintiff must submit requests for information and documents he needs to support his claims and defenses to defendants through their attorney. *See* Dkt. 21 at 7–10 ("The court does not want the parties to file their discovery material with the court, except to support some other matter in this lawsuit[.]"). Defendants have 30 days to respond from the date the requests are received, and must produce discoverable materials within their possession, custody or control or risk a motion to compel. It would be logical to assume that defendants, as staff at Lincoln County Jail, have access to plaintiff's jail grievance. But a party may ask the court to intervene and resolve discovery disputes only after the parties have made a good faith effort to resolve any disputes on their own. *See* Fed. R. Civ. P. 37(a)(1) (a motion to compel must include a certification that the movant has tried to resolve the dispute in good faith).

Here, plaintiff does not explain what steps he has taken to resolve his dispute with defendants. As the court's preliminary pretrial conference order also explains, "if you do not provide the court with this information about how you tried to resolve this discovery dispute, then the court will summarily deny your motion to compel discovery without prejudice to you refiling your motion with the required information." Dkt. 21 at 9.

Regardless, plaintiff does not need to affirmatively prove that he has exhausted administrative remedies. Failure to exhaust is an affirmative defense for defendants to raise, and they did not file a motion for summary judgment for failure to exhaust administrative remedies by the May 5, 2026 deadline, so it is not at issue. Should plaintiff still wish to obtain a copy of his grievance, he may contact defense counsel about the request and renew his motion

to compel if the parties are unable to resolve the dispute after meeting and conferring in good faith.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel, Dkt. 25, is DENIED without prejudice.

2. Plaintiff's motion for court intervention, Dkt. 24, is DENIED.

Entered July 17, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge